UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NASER ABBAS AL-SHIMARY,

    Petitioner,                                 Civil No. 2:11-CV-15668
                                                      HONORABLE PAUL D. BORMAN
v.                                                       UNITED STATES DISTRICT JUDGE

JOHN PRELESNIK,

    Respondent,
_____/

**OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS
CORPUS AND (2) A CERTIFICATE OF APPEALABILITY**

Naser Abbas Al-Shimary, ("Petitioner"), presently on parole supervision with the Michigan Department of Corrections through the Lincoln Park Parole Office in Lincoln Park, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, through counsel Joan Ellerbusch Morgan, in which he challenges his conviction for first-degree home invasion, Mich. Comp. Laws § 750.110a(2); assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84; and felonious assault, Mich. Comp. Laws § 750.82.  For the reasons that follow, the petition for writ of habeas corpus is DENIED.

**I.  BACKGROUND**

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court, in which he was tried jointly with his brothers and co-defendants Naif Al-Shimary, Abdul Al-Shimary, and Mansour Al-Shimary. [1]  Petitioner and his brothers were

---

[1] Petitioner's brothers are currently challenging their convictions in separate habeas petitions before this Court. *See Al-Shimary v. McKee,* No. 11-15675 (E.D. Mich.); *Al-Shimary v. Curtin,* 12-11126 (E.D. Mich.); *Al-Shimary v. Palmer,* 12-10001 (E.D. Mich.).

acquitted of an assault with intent to commit murder charge. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendants, who are brothers, were convicted of breaking into the house of their brother-in-law, Habib Marzok, and then violently assaulting Marzok. There was evidence of a prior dispute between the victim and defendants' father that allegedly led to the incident. The principal evidence at trial was the testimony of the victim and his two sons, Karar Marzok and Safaa Marzok, who were consistent in stating that the defendants broke into their home, that defendants Naif, Mansor, and Abdul had firearms, and that all four defendants assaulted the victim and fled.

*People v. Al-Shimary,* No. 293256, 2010 WL 5373826, at 1 (Mich.Ct.App. December 28, 2010).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 489 Mich. 936, 797 N.W.2d 627 (2011).

Petitioner seeks a writ of habeas corpus on the following grounds:

> I. Petitioner's right to present a defense was violated where the trial court refused to permit defense counsel to introduce evidence that the complainant's son had tried to extort money from the defendants before trial, in exchange for dismissal of the criminal charges.
>
> II. A due process violation occurred where the prosecutor improperly argued facts not in evidence, and Mr. Al-Shimary was deprived of the effective assistance of counsel where trial counsel did not object to the improper remarks.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

2

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for

relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87. Finally, in reviewing petitioner's claims, this Court must remember that under the federal constitution, petitioner was "entitled to a fair trial but not a

4

perfect one." *Lutwak v. United States,* 344 U.S. 604, 619 (1953).

## III. DISCUSSION

### A. Claim # 1. The right to present a defense claim.

Petitioner first contends that the trial judge denied him his constitutional right to present a defense when he excluded evidence of an Internet posting that suggested that one of the victim's sons, Safaa Marzok, had attempted to extort money from petitioner and his brothers by offering to drop the criminal charges in exchange for $ 60,000.00.

Petitioner's brother Naif Al-Shimary raised this claim in the brothers' joint appeal. In rejecting this claim, the Michigan Court of Appeals held that the trial judge did not deprive the defendants of their right to present a defense, because he did not prevent the co-defendants from presenting evidence that Safaa Marzok had attempted to extort money from them, but merely precluded admission of an Internet posting that could not be authenticated pursuant to M.R.E. 901. *Al-Shimary,* 2010 WL 5373826, Slip. Op. at 2:

> During the cross-examination of Safaa, defense counsel attempted to impeach Safaa's "sincerity" and give a reason for the charges by introducing a message on Safaa's page which was allegedly posted by Safaa. Outside the presence of the jury, defense counsel sought admission of a copy of a January 15, 2009 MySpace posting that "seems to be coming from a Safaa 09," which stated:
>
> > [T]ell ur grandpa give us 60,000$ and we'll drop the charges, that's how we will pay 4 damages he caused.
>
> After the prosecutor objected on the basis of foundation and authenticity, the trial court asked Safaa if he wrote the message. Safaa responded, "No, I didn't." The defense made no further offer of proof. The trial court excluded the document because there was no evidence to establish its authenticity. In this case, defendants were unable to authenticate the document under MRE 901(a). Further, contrary to what defendant Naif argues, the trial court did not preclude the defendants from otherwise presenting a defense that the charges were the product of an extortion attempt. It only precluded admission of a document that could not be authenticated. The court permitted defendants to ask Safaa if he ever requested money from

>anyone to drop the charges in this case, but he denied doing so. Accordingly, the
>trial court did not violate defendant Naif's constitutional right to present a defense.
>Nor did the trial court abuse its discretion in determining that the MySpace page had
>not been properly authenticated.

*Id.* at 2.

Petitioner raised the same claim as part of the joint appeal. The Michigan Court of Appeals rejected petitioner's claim for the same reasons that it had previously rejected his brother Naif's identical claim, again noting that the trial court did not err in excluding the Internet posting on the ground that it had not been authenticated. *Al-Shimary,* 2010 WL 5373826, Slip. Op. at 8.

Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he also has the right to present his own witnesses to establish a defense. This right is a fundamental element of the due process of law. *Washington v. Texas*, 388 U.S. 14, 19 (1967); *See also Crane v. Kentucky,* 476 U.S. 683, 690 (1986)("whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense'")(internal citations omitted). However, an accused in a criminal case does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence. *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996). The Supreme Court, in fact, has indicated its "traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts." *Crane,* 476 U.S. at 689. The Supreme Court gives trial court judges "wide latitude" to exclude evidence that is repetitive, marginally relevant, or that poses a risk of harassment, prejudice, or confusion of the issues. *Id.* (quoting *Delaware v. Van Arsdall,*

475 U.S. 673, 679 (1986). Finally, rules that exclude evidence from criminal trials do not violate the right to present a defense unless they are "'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *United States v. Scheffer*, 523 U.S. 303, 308 (1998)(quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)).

Moreover, under the standard of review for habeas cases as enunciated in 28 U.S.C. § 2254(d)(1), it is not enough for a habeas petitioner to show that the state trial court's decision to exclude potentially helpful evidence to the defense was erroneous or incorrect. Instead, a habeas petitioner must show that the state trial court's decision to exclude the evidence was "an objectively unreasonable application of clearly established Supreme Court precedent." *See Rockwell v. Yukins,* 341 F.3d 507, 511-12 (6th Cir. 2003).

In the present case, the trial judge did not prevent petitioner from presenting a defense that Safaa Marzok had attempted to extort money from him and his brothers. Instead, the judge only precluded petitioner from introducing evidence of the Internet posting that purported to be from Safaa Marzok because Safaa denied making this posting and petitioner could not otherwise authenticate that this posting came from Safaa Marzok. M.R.E. 901(a) requires that for a document to be admissible into evidence, the party seeking its admission must authenticate it with sufficient evidence to "support a finding that the document is what the proponent claims it to be." *People v. Howard*, 226 Mich. App 528, 553; 575 N.W. 2d 16 (1997). The trial judge excluded the Internet posting from evidence because it could not be authenticated. "The authentication requirement serves 'legitimate interests in the criminal trial process,' and is neither arbitrary nor disproportionate." *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992)(citing *Rock*, 483 U.S. at 55-56). Therefore, the trial judge's decision to exclude the Internet posting

7

on the ground that it could not be authenticated did not violate petitioner's constitutional right to present a defense. *Id.* Petitioner is not entitled to habeas relief on his first claim.

### B. Claim # 2. The prosecutorial misconduct/ineffective assistance of counsel claim.

Petitioner next contends that he was deprived of a fair trial by prosecutorial misconduct and his trial counsel's ineffectiveness in failing to object to the misconduct.

Respondent contends that petitioner's prosecutorial misconduct claim is procedurally defaulted because he failed to object to the misconduct and the Michigan Court of Appeals relied on this failure to object to reject his claim. Petitioner claims that his trial counsel was ineffective for failing to object to the prosecutorial misconduct. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claim, it would be easier to consider the merits of the prosecutorial misconduct claim. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Prosecutorial misconduct will thus form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly*

*v. DeChristoforo*, 416 U.S. at 643-45.  The determination whether the trial was fundamentally unfair is "made by evaluating the totality of the circumstances surrounding each individual case." *Angel v. Overberg*, 682 F.2d 605, 608 (6th Cir. 1982).  The Court must focus on "'the fairness of the trial, not the culpability of the prosecutor.'" *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997)(quoting *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1355 (6th Cir. 1993)).  Finally, "[t]he Supreme Court has clearly indicated that the state courts have substantial breathing room when considering prosecutorial misconduct claims because 'constitutional line drawing [in prosecutorial misconduct cases] is necessarily imprecise.'" *Slagle v. Bagley*, 457 F.3d 501, 516 (6th Cir. 2006)(quoting *Donnelly*, 416 U.S. at 645).  Thus, in order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012)(quoting *Harrington*, 131 S. Ct., at 786–87).  This is particularly so, "because the *Darden* standard is a very general one, leaving courts 'more leeway ... in reaching outcomes in case-by-case determinations[,]'". *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. at 664).

      Petitioner contends that the prosecutor misstated the evidence in her closing argument when she stated that petitioner had ordered his brothers to kill the victim when he was jumping on the bed in the victim's bedroom, even though there was no evidence to support such an assertion.  Petitioner specifically points to the following statement by the prosecutor:

> And how do we know that?  We know that he, of all the Defendants, called Safaa on the phone and tried to gain entry into the house that way.  And less than two minutes or three minutes after he called Safaa, him [sic] and his brothers are breaking into the house.  We know from Safaa that Naser was in the bedroom

9

>hyping up everyone. Hyping up his brothers. And how was he hyping up his brothers? He was hyping them up jumping on the bed and telling them to speaking in Arabic and English to kill, to kill Habib. We know that he was involved. He was supposed to be the person to get them into the house without having to break in. But that wasn't successful. But he was in there and he's hyping them up.

(Tr. 6/8/09, p. 123).

Misrepresenting facts in evidence by a prosecutor can amount to substantial error because doing so "may profoundly impress a jury and may have a significant impact on the jury's deliberations." *Washington v. Hofbauer,* 228 F.3d 689, 700 (6th Cir. 2000)(quoting *Donnelly v. DeChristoforo*, 416 U.S. at 646). Likewise, it is improper for a prosecutor during closing arguments to bring to the jury any purported facts which have not been introduced into evidence and which are prejudicial. *Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000). However, prosecutors must be given leeway to argue reasonable inferences from the evidence. *Id.*

In the present case, although there was no evidence that petitioner had specifically ordered his brothers to kill the victim while he was jumping on the victim's bed, Safaa Marzok testified that petitioner did encourage his brothers to "get him" (i.e. the victim) while they were assaulting the victim. (Tr. 6/4/09, p. 96). Petitioner's brother Abdul had previously told one of the victim's sons that they were there to kill the victim. (Tr. 6/3/09, p. 108). More importantly, while the brothers were inside of the victim's bedroom, Naif Al-Shimary ordered his brother Abdul to shoot the victim in the head. (Tr. 6/4/09, pp. 109-10). The prosecutor's comments that petitioner had told his brothers to kill the victim while he was jumping on the victim's bed was a reasonable inference from the evidence presented.

Moreover, any misstatement made by the prosecutor that petitioner had ordered his

10

brothers to kill the victim was harmless error in light of the fact that petitioner and his brothers were all acquitted of the assault with intent to commit murder charge. *See e.g. U.S. v. Mongham,* 356 F. App'x. 831, 837 (6th Cir. 2009)(prosecutor's improper vouching for government witness during re-direct examination of witness and during closing rebuttal argument did not tend to mislead jury or prejudice defendant, who was acquitted of the only charge as to which this government witness was the sole witness); *U.S. v. Compton*, 365 F.2d 1, 4 (6th Cir. 1966)(error, if any, in argument by government counsel concerning refusal of witness to answer question on ground of self incrimination was not prejudical in view of acquittal of defendant on count charging him with inducing the witness to commit offense).

Finally, any prosecutorial misconduct in attempting to inject facts that had not been introduced into evidence was also ameliorated by the trial court's instruction that the lawyers' comments and statements were not evidence. (Tr. 6/8/09, p. 133). *See Hamblin v. Mitchell,* 354 F.3d 482, 495 (6th Cir. 2003). Petitioner is not entitled to habeas relief on his prosecutorial misconduct charge.

Petitioner is also not entitled to habeas relief on his related ineffective assistance of counsel claim.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable

11

professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009).

To show prejudice under *Strickland* for failing to object to prosecutorial misconduct, a habeas petitioner must show that but for the alleged error of his trial counsel in failing to object to the prosecutor's improper questions and arguments, there is a reasonable probability that the proceeding would have been different. *Hinkle v. Randle,* 271 F.3d 239, 245 (6th Cir. 2001). Because the Court has already determined that the prosecutor's argument did not deprive petitioner of a fundamentally fair trial, petitioner is unable to establish that he was prejudiced by counsel's failure to object to these remarks. *Slagle,* 457 F.3d at 528.

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To

demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002).

### IV.  CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability.

**SO ORDERED.**

                                            s/Paul D. Borman  
                                            PAUL D. BORMAN  
Dated:  June 25, 2013                   UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 25, 2013.

                                                                s/Deborah R. Tofil
                                                                 Deborah R. Tofil